## A. T. STOKES & CO. *vs.* W. H. HOWERTON.

When the terms of the condition of a mortgage relate to future liabilities
only: *Held*, that a stipulation reciting that it was understood "that S. (the
mortgagee) shall not become surety for H., (the mortgagor) for more
than $1,200, including claims heretofore signed by said S," and direc-
tions to " sell and pay off all liabilities for which said S. may be liable
for him," (the said H.,) do not operate to extend the security to past
liabilities.

*Case agreed*, upon questions arising in proceedings supple-
mentary to execution, in the Superior Court of ROWAN, heard
before *Cloud, J.*, at Chambers, in April, 1872.

The plaintiffs having obtained judgment against the defend-
ant for $200 and interest, before a Justice of the Peace, had it
docketed in the Superior Court of Rowan, and execution issued
thereon.    The execution being returned unsatisfied, upon
affidavit that John I. Shaver had money in his hands belonging
to the defendant, said Shaver was examined in relation to such
indebtedness.   It was agreed that Shaver's liability depended
upon, whether a note executed by the defendant, with Shaver
as surety, to one Moore, was secured by the terms of a mort-
gage from the defendant to Shaver, which is set out in the
opinion of the Court.   The note to Moore was executed before
the date of the mortgage.   Shaver, having sold the mortgaged
property, applied the proceeds to the defendant's indebtedness

to him, and claims for which he was liable for the defendant, including the note to Moore.

It was agreed, that if his Honor should be of opinion that said note to Moore was secured by the mortgage, the proceedings should be dismissed, otherwise judgment should be rendered for the plaintiff.

His Honor being of opinion that said note was secured, gave judgment against the plaintiffs, and they appealed.

*Bailey* and *Fowle*, for plaintiffs.
*Blackmer & McCorkle, contra.*

READE, J. The question is, whether the mortgage secures the mortgagee as to a liability already incurred, or whether it only secures him in liabilities thereafter to be incurred.

The condition of the mortgage is as follows:

" This indenture, made this, the 3d day of July, 1871, by and between W. H. Howerton, of Salisbury, N. C., of the first part, and John I. Shaver, of the same place, of the other part, witnesseth : That the said party of the first part, in consideration of one dollar paid to him by the said party of the second part, has bargained and sold, and does hereby bargain, sell and convey unto the said party of the second part, his executors, administrators and assigns, all his present stock of groceries, provisions, liquors, confectioneries, and all and every other article of stock now on hand, or which from time to time may be added thereto. The condition of the above deed is such, that whereas the said party of the second part has agreed to stay any execution and stand security for him on judgments which may be taken against the said party of the first part: Now, therefore, if the said party of the first part shall well and truly indemnify and save harmless the said party of the second part from all loss or liability by reason of his staying executions for him, then the foregoing deed is to be void, otherwise to remain in full force.

"And the said party of the second part covenants, to and with the said party of the first part, that he may proceed and conduct the business he is now employed in, and sell goods as he has been accustomed to do, and generally to buy, sell and barter as if this deed had not been made, until a breach of the condition aforesaid shall have been committed. And it is understood and agreed to as a part of this conveyance, that the said Shaver shall not become surety for said Howerton for more than twelve hundred dollars, including claims heretofore signed by said Shaver, and if he shall become surety on any note or notes for said Howerton, they shall stand on the same footing as judgments stayed. And at any time when the said Shaver shall see fit to do so, for any reason that is satisfactory him, he may take possession of the entire stock of goods, advertise the same for twenty days, and sell a sufficiency thereof for cash to pay off all liabilities for which the said Shaver may be liable for him, together with all costs and charges of executing this trust. And the balance of goods and money he shall pay over to the said Howerton or his order.

"In witness whereof, the said parties of the first and second part have hereunto set their hands and seals, the date first above written.

(Signed.) W. H. HOWERTON, [SEAL.]
JOHN I. SHAVER." [SEAL.]

The scope, and indeed the very terms, of the condition are as to *future* liabilities only.

It is insisted that the stipulation, "and it is understood and agreed to as a part of this conveyance that the said Shaver shall not become surety for said Howerton for more than $1200, including claims heretofore signed by said Shaver," &c., is intended to *secure* "claims heretofore signed." But that does not seem to us to be the proper construction—it only limits the amount which Shaver undertakes to become security for, i. e. $1200 with what he was already bound for. And "same footing" means that if he signs notes as well as "stays

judgments," the notes and judgments shall stand on the same footing.

The direction to "sell and pay off all liabilities for which said Shaver may be liable for him," taken by itself would embrace the liability incurred before the date of the mortgage; but the whole instrument must be construed together, and "all liabilities" must be construed to mean all *such* liabilities as before mentioned.

It may be that, although the prior liability is not secured in the mortgage, yet after the mortgagee sold the property and had in his hands more than enough to satisfy the mortgage, he would be entitled to retain to secure his liability outside the mortgage; but the case agreed does not present that point.

There is error. This will be certified to the end that there may be judgment for the plaintiff according to the case agreed.

PER CURIAM.                         Judgment reversed.